FILED
2024 Feb-13  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT P. FOWLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:23-cv-1180-GMB |
| JUSTICE FAMILY GROUP, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Fowler filed a complaint against Defendants Justice Family Group, LLC; Southern Coal Corporation; Bluestone Resources, Inc.; Greenbrier Hotel Corporation; and James C. Justice III alleging fraud and multiple breaches of his employment contract. Doc. 1.  All of the defendants answered the complaint, while Justice Family Group, Southern Coal, and Bluestone Resources filed a Counterclaim against Fowler for breach of contract. Doc. 14.  The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 15.  Before the court is Fowler's Motion to Dismiss the Counterclaim and Motion to Take Judicial Notice of Certain Documents. Doc. 12. For following reasons, the court will deny the motion to take judicial notice and grant the motion to dismiss but permit the filing of an amended counterclaim.

## I.  RELEVANT BACKGROUND

In the counterclaim, Justice Family Group, Southern Coal, and Bluestone Resources allege that Fowler breached his employment contract when he refused to repay his sign-on bonus after terminating the agreement on June 3, 2023. Doc. 9 at 13–14.  The factual allegations related to this claim are as follows:

- The parties entered into an employment agreement on November 16, 2021, and Fowler received a sign-on bonus.
- Fowler resigned his employment effective June 3, 2023, without "Good Reason" as defined in the employment agreement.
- The employment agreement provided that if Fowler left his employment before the end of the term, he agreed "'to repay sign-on bonus based on the following schedule: 100% repayment ($340,000) if within one year of the Effective Date, 66% repayment ($224,400) if within 2 years of the Effective Date, and 33% repayment ($112,200) if within 3 years of the Effective Date.'"
- Because Fowler resigned within two years of the effective date of the employment agreement, the agreement required him to return 66% (or $224,400) of the sign-on bonus to the counterclaimants.  He has not done so.

Doc. 9 at 13–14.

Based on these factual allegations, the counterclaim alleges a breach of contract by Fowler.  The entire legal allegations related to this count state as follows:

- Counterclaimants and Fowler entered into an employment agreement.
- Fowler breached the agreement by failing to repay the sign-on bonus as he was contractually obligated to do.
- "As a direct, foreseeable, and proximate result of Fowler's breach, Counterclaim Plaintiffs suffered damages by not being repaid the sign-on bonus."

Doc. 9 at 14.

## II.  PENDING MOTIONS

Although filed as one document, Fowler asks the court for two separate, albeit related, rulings.  First, he asks the court to take judicial notice of "the lack of any filings by the counterclaimants with the Alabama Secretary of State's Office."  Doc. 12-1 at 1, 11–13.  Second, he asks the court to dismiss the counterclaim.  The court addresses each motion below.

**A.  Judicial Notice**

The court has "wide discretion" to take judicial notice of appropriate adjudicative facts at any stage in a proceeding. *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014).  Nevertheless, the "taking of judicial notice of facts is a 'highly limited process'" that "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Id*. (quoting *Dippin' Dots, Inc. v. Frosty Bites Distribut., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004)).  Therefore, indisputability is a prerequisite. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).  A court can take judicial notice of certain facts without formal proof only if the fact is "'one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir.

1997) (quoting Fed. R. Evid. 201).  For example, "public records are among the permissible facts that a district court may consider." *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) (discussing precedent for permitting public records to be considered at the motion-to-dismiss stage).

Here, Fowler asks the court to take judicial notice of "the lack of any filings by the counterclaimants with the Alabama Secretary of State's Office." Doc. 12-1 at 1.  More specifically, Fowler asks the court to accept his "search results from the Alabama Secretary of State's website that show that none of the Counterclaimants have registered as foreign entities in the state of Alabama." Doc. 12-1 at 11.  The motion and brief do not attach a copy of these search results or provide any sort of authentication in the form of a declaration or affidavit about the search. *See* Docs. 12 & 12-1.  Fowler's reply, however, does purport to attach screenshots of the search results but without any sort of authentication. Doc. 20 at 12–23.

These exhibits are not appropriate for judicial notice.  Even though they appear to show that the search was performed on an Alabama government website, Fowler has not satisfied the court that the search, results, and screenshots are "generally known" within the jurisdiction of this court or capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. The exhibits also are inadmissible because Fowler has not properly authenticated

them. *See Lodge*, 750 F.3d at 1274 (affirming trial court's decision not to consider a document from a website because the document was not authenticated and was not appropriate for judicial notice). Accordingly, the motion to take judicial notice is due to be denied.

**B.     Motion to Dismiss**

Fowler moves to dismiss the counterclaim on two grounds. First, he contends that Justice Family Group, Southern Coal, and Bluestone Resources cannot maintain an action in any court in Alabama because they are not registered with the State of Alabama. Doc. 12-1 at 13–17. Second, Fowler argues that the counterclaim does not adequately plead a breach of contract claim under Alabama law. The court rejects the first claim because of its decision not to take judicial notice of Fowler's unauthenticated screenshots, which are the only evidence offered in support of this argument.[1] The second argument has merit.

   *1.     Standard of Review*

The Federal Rules of Civil Procedure require a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[1] Although the outcome may have been different if Fowler had offered competent supporting evidence, it is undisputed that the counterclaimants can cure this deficiency without the need for dismissal. *See* Doc. 18 at 10 n.9; Doc. 20 at 10.

(2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557.

To survive a motion to dismiss, a counterclaim must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the [counterclaimant] pleads factual content that allows the court to draw the reasonable inference that the [counterclaim] defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the counterclaim must demonstrate "more than a sheer possibility that a [counterclaim] defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task

is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.  If the court determines that all of the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

### 2. *Sufficiency of Allegations*

Fowler argues that the counterclaim does not pass muster under *Iqbal* and *Twombly* because it omits an allegation that the counterclaimants performed their duties under the contract. Doc. 12-1 at 18–20.  The court agrees.

"'The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages.'" *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (quoting *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002)).  Here, there are no allegations in the counterclaim relating to performance under the employment agreement by Justice Family Group, Southern Coal, or Bluestone Resources.  Tacitly acknowledging this deficit, the counterclaimants point the court to the denials in their answer and their affirmative defenses.  It is not the court's job, however, to piece together allegations spread throughout the answer, affirmative defenses, and counterclaim in an attempt to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Without

any allegations in the counterclaim that Justice Family Group, Southern Coal, and Bluestone Resources performed under the contract, the counterclaimants have not stated a claim for breach of contract under Alabama law. Accordingly, the motion to dismiss is due to be granted.

## C.     Leave to Amend

Although the allegations in the counterclaim are insufficient at present, a district court's discretion to dismiss a complaint without granting leave to amend "is severely restrict[ed]" by Federal Rule of Civil Procedure 15(a), "which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (internal quotation marks and citation omitted). Where a more carefully drafted pleading might state a viable claim, a district court must give at least one chance to amend the complaint before dismissing the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). However, a district court need not allow an amendment where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies" through prior amendments; (2) amending the complaint would prejudice the opposing party; or (3) "amendment would be futile." *Id*. The court finds that none of these factors are present here, and therefore it will allow the counterclaimants one opportunity to amend the counterclaim to attempt to state a claim for breach of contract against Fowler.

## III. CONCLUSION

For these reasons, it is ORDERED that the Motion to Dismiss the Counterclaim and Motion to Take Judicial Notice of Certain Documents (Doc. 12) is GRANTED in part and DENIED in part as follows:

1. The motion to take judicial notice is DENIED.

2. The motion to dismiss is GRANTED and the counterclaim is DISMISSED without prejudice.

3. Justice Family Group, Southern Coal, and Bluestone Resources will be allowed the opportunity to file an amended counterclaim to attempt to correct the deficiencies in the claim alleged against Fowler. Any amended counterclaim should be filed on or before **February 27, 2024**. This amended counterclaim must be an entire stand-alone counterclaim and must set forth each and every allegation and claim without reincorporating allegations and claims from any other pleading.

DONE and ORDERED on February 13, 2024.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE