FILED

2025 Jun-04  AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT FOWLER, | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-1180-GMB |
| | ) | |
| JUSTICE FAMLY GROUP, *et al*., | ) | |
| | ) | |
| Defendants/Counterclaimants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion for Leave to File Second Ameded Counterclaim filed by Defendants/Counterclaimants Justice Family Group, LLC; Bluestone Resources, Inc.; Southern Coal Corporation; and James C. Justice, III ("the Justice defendants"). Doc. 54. The motion attaches the proposed Second Amended Counterclaim, which would add a count against Plaintiff/Counterclaim-Defendant Robert Fowler for fraud in the inducement. *See* Doc. 54-1. Fowler filed an opposition to the motion (Doc. 56), and the Justice defendants filed a reply.[1] Doc. 57. The motion is due to be denied.

## I.  RELEVANT PROCEDURAL BACKGROUND

Fowler filed his complaint on September 6, 2023. Doc. 1. The Justice

---

[1] Although the Justice defendants did not have leave of court to file a reply (*see* Doc. 55), the court has considered the arguments in their reply.

defendants answered and filed a counterclaim for breach of contract on October 31, 2023. Doc. 9.  Fowler filed a motion to dismiss the counterclaim (Doc. 12), which the court granted while permitting the Justice defendants to correct the deficiencies in their breach of contract claim. Doc. 23.  The Justice defendants filed an amended counterclaim for breach of contract on February 27, 2024, and Fowler answered. Docs. 24 & 25.

The parties later submitted a joint report pursuant to Federal Rule of Civil Procedure 26(f) (Doc. 21), and the court entered a scheduling order with the deadlines proposed in the joint report. Doc. 22.  The scheduling order set a deadline of May 3, 2024 for the Justice defendants to add causes of action, defenses, or parties. Doc. 22 at 1.  Although the parties moved for, and the court granted, multiple extensions to other deadlines in the scheduling order (*see* Docs. 34, 35, 42, 43, 46 & 47), none of the motions or extensions covered the deadline for adding causes of action, defenses, or parties.

## II.  DISCUSSION

Generally, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  But in civil cases, after a district court issues a scheduling order limiting the time to amend pleadings, a party must demonstrate good cause for seeking leave to amend past the deadline set in the order.

*S. Grouts & Mortars, Inc. v. 3M Co*., 575 F.3d 1235, 1241 (11th Cir. 2009); *see also* Fed. R. Civ. P. 16(b)(4) (allowing for modification of a schedule "only for good cause and with the judge's consent"). A lack of diligence in pursuing a claim generally will negate a showing of good cause. *See S. Grouts & Mortars, Inc*., 575 F.3d at 1241; *see also Sosa v. Airprint Sys., Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'") (quoting Fed. R. Civ. P. 16 advisory committee's note)). "Once good cause is shown under Rule 16, the court determines whether leave should be granted under Rule 15(a)." *Sullivan v. Gov. Emps. Ins. Co*., 2018 WL 6267352, at *3 (M.D. Fla. Nov. 30, 2018) (quotation marks and citation omitted).

Here, the court entered a scheduling order consistent with the parties' report and Federal Rule of Civil Procedure 16(b). Doc. 22. That order gave the Justice defendants until May 3, 2024 to add any causes of action, defenses, or parties. Doc. 22. But the Justice defendants waited until May 12, 2025—one year and nine days after the expiration of the deadline—so they must show good cause for the lengthy delay in seeking to add another counterclaim. They have not done so. Instead, the record establishes a lack of diligence in pursuing the fraud claim. While the Justice defendants argue that they "only recently discovered" Fowler's alleged misrepresentations forming the basis of the fraud claim, they admit that they

questioned Fowler about these issues during his deposition on February 14, 2025. Doc. 54 at 2–3. There is no good explanation for why they waited almost three months from that deposition to move to add the claim.[2]

In the face of this delay, the Justice defendants state in reply that the transcript of Fowler's deposition was not available until March 3, official exhibits followed on March 7, and counsel needed to review the complete record "sometime after that." Doc. 57 at 1–2. This excuse rings hollow when the motion to amend does not cite to the transcript or even reference any of the testimony or exhibits. Doc. 54. Looking to the proposed second amended counterclaim, the only reference to Fowler's deposition is: "Fowler testified under oath contrary to his . . . representations to Mr. Justice . . . that, at the time he was negotiating the Agreement, he did not have a specific law firm salary that he was guaranteed annually, and that he was not assured of receiving any raises or increases in compensation from year to year." Doc. 54-1 at 4. The Justice defendants do not explain why they would need a transcript of the depositions and official exhibits to make these summary allegations.[3]  Nor do they

---

[2] The court acknowledges Fowler's argument that the facts supporting the new counterclaim were disclosed even earlier in the discovery process through the production of his tax returns and other documents. Doc. 56 at 8–9. Because there is no good cause for the Justice defendants' three-month delay in seeking the amendment after Fowler's deposition, the court need not decide whether to roll back the discovery date to coincide with this written discovery production.

[3] The court also rejects the Justice defendants' effort to blame their delay on the court's mediation inquiry and May 13 mediation setting. Doc. 57 at 2. First, there is nothing inherently "unrealistic" about a two-month window for ruling on a motion to amend, and in fact the court is resolving the motion less than a month from its filing and only days after the Justice defendants' reply. Second, the Justice defendants nevertheless elected to file their motion before mediation; they just waited

explain why they waited so long to request leave to amend when "Fowler's misrepresentations during negotiation of the Agreement permeate all aspects of the parties' claims." Doc. 54 at 2.  If the misrepresentations are central to the issues in the case, the Justice defendants should have asserted the fraud claim much sooner than an entire year after their deadline to amend.  Simply put, the lack of diligence and delay in pursuing the fraud claim necessitates a denial of the motion for leave to amend.

### III.  CONCLUSION

For these reasons, it is ORDERED as follows:

1.    The Motion for Leave to File Second Amended Counterclaim (Doc. 54) is DENIED.

2.    All potentially dispositive motions must be filed no later than **June 18, 2025**.  The parties are REMINDED of the briefing deadlines and motion practice requirements in the court's Initial Order. *See* Doc. 16.

DONE and ORDERED on June 4, 2025.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

until the last possible day, guaranteeing it would remain pending during the negotiation.