FILED
2025 Jul-09 PM 08:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

LAW OFFICES

**CAREY, DOUGLAS, KESSLER & RUBY, PLLC**

901 CHASE TOWER
707 VIRGINIA STREET, EAST
P. O. BOX 913
**CHARLESTON, WV 25323**

MICHAEL W. CAREY
ROBERT E. DOUGLAS
JOHN A. KESSLER
STEVEN R. RUBY
DAVID R. POGUE
RAYMOND S. FRANKS II
S. BENJAMIN BRYANT

TELEPHONE (304) 345-1234
TELEPHONE (304) 342-1111
FACSIMILE (304) 342-1105

September 26, 2022

PLAINTIFF'S EXHIBIT 6

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re: Essar Steel Algoma Inc. v. Southern Coal Sales Corporation, et al.,
Docket No. 1:17-mc-00360-AT

Dear Judge Torres:

I am counsel for Southern Coal Sales Corporation n/k/a Nevada Holdings, Inc.; Bluestone Resources Inc.; James C. Justice Companies, Inc.; James C. Justice Companies, LLC; Bluestone Industries, Inc.; Bluestone Coal Corporation; Bluestone Mineral, Inc.; Bluestone Energy Sales Corporation; A&G Coal Corporation; Tams Management Inc.; Encore Leasing LLC; Justice Family Farms, LLC; and Southern Coal Corporation (collectively "the Coal Companies"). Pursuant to Rule III(A) of Your Honor's Individual Practices, the Coal Companies submit this letter to explain the basis for their anticipated Rule 60(b) motion for relief from their "so ordered" settlement agreement with Essar Steel Algoma, Inc. n/k/a Algoma Steel Inc. ("Algoma").

## I. Background

After Algoma sued the Coal Companies for alleged breaches of a coal supply agreement, the parties entered into a settlement agreement on September 22, 2020 ("the Settlement Agreement") to resolve their dispute. (Dkt. 183.) The next day, at the request of the parties, this Court endorsed the Settlement Agreement as "so ordered." (Dkt. 186.) The Settlement Agreement required, among other things, that the Coal Companies (1) either make scheduled cash settlement payments to Algoma or provide coal to Algoma at a discounted price; and (2) make annual interest pre-payments.

Unfortunately, a significant, unforeseen change in circumstances soon made it impossible for the Coal Companies to meet these requirements. To elaborate, Defendant Bluestone Resources had acquired certain distressed coal businesses in 2015 and developed a long-term plan to rehabilitate and rebuild these businesses. Because the plan would take years to bear fruit, Bluestone needed a long-term financing partner. In mid-2018, Bluestone thought it found that partner in Greensill Capital (UK) Limited ("Greensill"), which represented that it could finance the rebuild without near-term payments from Bluestone. Bluestone and the Coal Companies became increasingly dependent upon Greensill—especially after the COVID-19 pandemic left them in need of additional liquidity. By the time the Coal Companies entered into the Settlement Agreement on September 22, 2020, Greensill was their sole source of operating capital.

Then, in March 2021, Greensill collapsed into insolvency. Prior to reading press reports in early 2021, the Coal Companies did not know that Greensill was having financial difficulties, let alone that it was on the verge of collapse. The unexpected demise of Greensill left the Coal Companies without a source of operating capital. And without the funds needed to operate, the Coal Companies could not make the payments or coal deliveries called for in the Settlement Agreement. Although the Coal Companies could not perform last year, they are now prepared to ship coal to Algoma at a substantial discount to market prices, similar to the arrangement contemplated in the Settlement Agreement. Although the market price of coal has risen, shipping the coal at a substantial discount over an appropriate period of time would give Algoma an equivalent benefit. Algoma, however, has invoked the acceleration clause in the Settlement Agreement and filed a motion asking the Court to enter judgment against the Coal Companies for $5.75 million, plus interest. (Dkt. 199.)

## II. The Court should exercise its broad authority to relieve the Coal Companies from the Settlement Agreement.

Consent decrees and "so-ordered" settlement agreements are subject to the same rules generally applicable to other judgments and decrees, including Rule 60(b). *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 378 (1992); *Congregation Mischknois Lavier Yakov, Inc. v. Bd. of Trustees for Vill. of Airmont*, 301 F. App'x 14, 16 (2d Cir. 2008); *Smith v. New York*, No. 12-CV-4851-ERK-LB, 2014 WL 6783194, at *5 (E.D.N.Y. Dec. 2, 2014). Rule 60(b) provides a procedure for seeking relief from court orders. It specifies certain grounds for relief, but it also includes a catchall provision—subsection 60(b)(6)—that allows a court to grant relief "for any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(6) grants federal courts broad authority to relieve a party from a judgment when appropriate. *Brown v. Webber*, No. 18 CV 09618 (NSR), 2022 WL 1124901, at *2 (S.D.N.Y. Apr. 14, 2022). Relief is appropriate under Rule 60(b)(6) where there are extraordinary circumstances,

or where the judgment may work an extreme and undue hardship. *Id.* Still, the rule has been deemed a "grand reservoir of equitable power to do justice in a particular case," and "should be liberally construed when substantial justice will thus be served." *Id.*; *accord Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963).

Here, extraordinary circumstances—namely the unexpected collapse of the Coal Companies' sole source of operating capital in the midst of a global pandemic—warrant relief from the acceleration clause in the Settlement Agreement. Further, even if the Court were to enter the $5.75 million (plus interest) judgment that Algoma seeks, none of the Coal Companies can afford to pay it. But the Coal Companies are willing and able to ship discounted coal to Algoma to provide it the same benefit contemplated in the Settlement Agreement, thereby providing a real benefit to Algoma instead of a paper judgment that will leave the parties mired in protracted collection proceedings. Thus, substantial justice will be served by allowing the Coal Companies to discharge their obligations under the Settlement Agreement by shipping discounted coal to Algoma to provide the same benefit that Settlement Agreement contemplated. To that end, the Coal Companies' anticipated motion will ask this Court to relieve them from the Settlement Agreement as written and to give them the opportunity to satisfy their debt to Algoma through coal shipments now, since forces beyond their control prevented them from doing so last year.

For all these reasons, the Coal Companies respectfully request that this Court schedule a teleconference with the parties or set a briefing schedule for the Coal Companies' anticipated Rule 60(b) motion for relief from the Settlement Agreement.

Respectfully submitted,

*/s/ Steven R. Ruby*
Steven R. Ruby
Counsel to Defendants

Cc: Counsel of Record via CM/ECF