FILED
2026 May-13  PM 04:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

LAW OFFICES

# CAREY, DOUGLAS, KESSLER & RUBY, PLLC

901 CHASE TOWER
707 VIRGINIA STREET, EAST
P. O. BOX 913
**CHARLESTON, WV 25323**

MICHAEL W. CAREY
ROBERT E. DOUGLAS
JOHN A. KESSLER
STEVEN R. RUBY
DAVID R. POGUE
RAYMOND S. FRANKS II
S. BENJAMIN BRYANT

TELEPHONE (304) 345-1234
TELEPHONE  (304) 342-1111
FACSIMILE   (304) 342-1105

September 26, 2022

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

> Re:    Essar Steel Algoma Inc. v. Southern Coal Sales Corporation, et al.,
>         Docket No. 1:17-mc-00360-AT

Dear Judge Torres:

I am counsel for Southern Coal Sales Corporation n/k/a Nevada Holdings, Inc.; Bluestone Resources Inc.; James C. Justice Companies, Inc.; James C. Justice Companies, LLC; Bluestone Industries, Inc.; Bluestone Coal Corporation; Bluestone Mineral, Inc.; Bluestone Energy Sales Corporation; A&G Coal Corporation; Tams Management Inc.; Encore Leasing LLC; Justice Family Farms, LLC; and Southern Coal Corporation (collectively "the Coal Companies"). Pursuant to Rule III(A) of Your Honor's Individual Practices, the Coal Companies submit this letter to explain the basis for their anticipated Rule 60(b) motion for relief from their "so ordered" settlement agreement with Essar Steel Algoma, Inc. n/k/a Algoma Steel Inc. ("Algoma").

## I.    Background

After Algoma sued the Coal Companies for alleged breaches of a coal supply agreement, the parties entered into a settlement agreement on September 22, 2020 ("the Settlement Agreement") to resolve their dispute. (Dkt. 183.)  The next day, at the request of the parties, this Court endorsed the Settlement Agreement as "so ordered." (Dkt. 186.)  The Settlement Agreement required, among other things, that the Coal Companies (1) either make scheduled cash settlement payments to Algoma or provide coal to Algoma at a discounted price; and (2) make annual interest pre-payments.

Fowler v. Justice Family Group LLC
2:23-CV-01180-GMB-
Date 5/4/2026 Jury Trial
Plaintiff Exhibit Label No. 84

## CAREY, DOUGLAS, KESSLER & RUBY, PLLC

The Honorable Analisa Torres
September 26, 2022
P a g e | 2

Unfortunately, a significant, unforeseen change in circumstances soon made it impossible for the Coal Companies to meet these requirements.  To elaborate, Defendant Bluestone Resources had acquired certain distressed coal businesses in 2015 and developed a long-term plan to rehabilitate and rebuild these businesses. Because the plan would take years to bear fruit, Bluestone needed a long-term financing partner. In mid-2018, Bluestone thought it found that partner in Greensill Capital (UK) Limited ("Greensill"), which represented that it could finance the rebuild without near-term payments from Bluestone. Bluestone and the Coal Companies became increasingly dependent upon Greensill—especially after the COVID-19 pandemic left them in need of additional liquidity.  By the time the Coal Companies entered into the Settlement Agreement on September 22, 2020, Greensill was their sole source of operating capital.

Then, in March 2021, Greensill collapsed into insolvency.  Prior to reading press reports in early 2021, the Coal Companies did not know that Greensill was having financial difficulties, let alone that it was on the verge of collapse. The unexpected demise of Greensill left the Coal Companies without a source of operating capital.  And without the funds needed to operate, the Coal Companies could not make the payments or coal deliveries called for in the Settlement Agreement.

## II.     The Court should exercise its broad authority to relieve the Coal Companies from the Settlement Agreement.

Consent decrees and "so-ordered" settlement agreements are subject to the same rules generally applicable to other judgments and decrees, including Rule 60(b).  *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 378 (1992); *Congregation Mischknois Lavier Yakov, Inc. v. Bd. of Trustees for Vill. of Airmont*, 301 F. App'x 14, 16 (2d Cir. 2008); *Smith v. New York*, No. 12-CV-4851-ERK-LB, 2014 WL 6783194, at *5 (E.D.N.Y. Dec. 2, 2014).  Rule 60(b) provides a procedure for seeking relief from court orders.  It specifies certain grounds for relief, but it also includes a catchall provision—subsection 60(b)(6)—that allows a court to grant relief "for any other reason that justifies relief."  *See* Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(6) grants federal courts broad authority to relieve a party from a judgment when appropriate. *Brown v. Webber*, No. 18 CV 09618 (NSR), 2022 WL 1124901, at *2 (S.D.N.Y. Apr. 14, 2022).  Relief is appropriate under Rule 60(b)(6) where there are extraordinary circumstances,

LAW OFFICES

### CAREY, DOUGLAS, KESSLER & RUBY, PLLC

The Honorable Analisa Torres
September 26, 2022
P a g e | 3

or where the judgment may work an extreme and undue hardship. *Id.* Still, the rule has been deemed a "grand reservoir of equitable power to do justice in a particular case," and "should be liberally construed when substantial justice will thus be served." *Id.*; *accord Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963).

Here, extraordinary circumstances—namely the unexpected collapse of the Coal Companies' sole source of operating capital in the midst of a global pandemic—warrant relief from the acceleration clause in the Settlement Agreement. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

For all these reasons, the Coal Companies respectfully request that this Court schedule a teleconference with the parties or set a briefing schedule for the Coal Companies' anticipated Rule 60(b) motion for relief from the Settlement Agreement.

Respectfully submitted,

*/s/ Steven R. Ruby*
Steven R. Ruby
Counsel to Defendants

Cc:    Counsel of Record via CM/ECF