FILED

2026 Jun-01  PM 10:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# PX-7

<u>**DECLARATION OF WILSON F. GREEN**</u>

Pursuant to 28 U.S.C. § 1746, and under penalty of perjury of the laws of the United States, I, Wilson F. Green, state the following to be true and correct:

1.      My name is Wilson F. Green. I am over the age of 19 years and have personal knowledge of the facts and matters set forth herein.

2.      I am an attorney licensed to practice law in the State of Alabama. After graduating in 1994 from the University of Alabama School of Law, I served as law clerk to the Hon. Robert B. Propst, United States District Court for the Northern District of Alabama, in the 1994-95 term. Following that year, I have been practicing law continuously in the State of Alabama for 31 years in Birmingham and Tuscaloosa, Alabama. My practice areas are almost exclusively in civil and commercial litigation.

3.      In addition to my experience as a practitioner, from 2000-09 I served as Professor of Law (Adjunct) at The University of Alabama School of Law, teaching primarily courses in Class Actions and Complex Litigation. My specific teaching courses and times taught are set forth in my CV, attached hereto. I have also served as an expert witness, both testifying and consulting, in connection with class-action issues. Additionally, I have also served as a court-appointed mediator of class-action and other complex cases, and have assisted parties in settling cases on a class-wide basis.

4.      I have been asked to render an opinion regarding the reasonableness of both hourly rates and the number of hours expended by attorneys at the Wiggins Childs law firm (specifically, Rocco Calamusa, Kevin Jent, and D.G. Pantazis) in connection with their work in the case of *Robert P. Fowler v. Justice Family Group, LLC,* in the United States District Court for the Northern District of Alabama, Case No. 2:23-cv-1180-GMB. I am providing the opinions below

after examining the pleadings and the Memorandum Opinion and Order of October 2, 2025, as well as certain discovery and other materials generated in the course of litigation.

5.      First, I conclude that the hourly rates being requested by the Wiggins Childs attorneys are reasonable and in line with market rates. Since I have practiced for over 30 years in Birmingham, I am very familiar with the market for legal services therein and am most familiar with the hourly rates of attorneys, particularly of those with comparable experience to mine. Messrs. Calamusa and Jent are contemporaries of mine, and the requested hourly rates for their work on this case ($625 and $550, respectively) are within the range of my own hourly rates charged to clients in contract litigation like this case. The rate for Mr. Pantazis is also reasonable given his number of years of experience and particularized experience in complex and commercial litigation such as this. I am personally familiar with and have litigated with and against these lawyers, and I can say from personal experience that these lawyers are skilled advocates whose performance is at the top of the market.

6.      I have also conducted a review of the number of hours spent by each attorney from the Wiggins Childs firm by examining their submitted billing records and the pleadings and discovery relating to those expenditures of time. Litigation such as this is protracted and expensive in the best of circumstances, but it becomes more expensive when related litigation or ancillary legal proceedings become relevant, as has occurred in this case. I conclude that the number of hours spent by each of the Wiggins Childs attorneys was reasonably necessary to maintain the prosecution of the action up through the Court's October, 2025 summary judgment order.

Executed this the 28th day of May, 2026.

Wilson F. Green