FILED

2026 Aug-13  PM 12:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT P. FOWLER, | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-1180-GMB |
| | ) | |
| JUSTICE FAMLY GROUP; BLUESTONE RESOURCES, INC.; and SOUTHERN COAL CORP., | ) ) ) | |
| | ) | |
| Defendants/Counterclaimants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Robert P. Fowler's Motion for Entry of Damages and Final Judgment. Doc. 133.  The remaining defendants—Justice Family Group, LLC; Southern Coal Corporation; and Bluestone Resources, Inc. (the "Justice Companies")—filed a response in opposition (Doc. 134), and Fowler filed a reply in support. Doc. 135.  After a review of these filings, the court ordered the parties to file additional briefing and evidence relating to the attorneys' fees due under Fowler's employment agreement. Doc. 136.  Both parties submitted briefs and evidence. Docs. 137 & 138.  The motion is fully briefed and ripe for decision.

## I.  BACKGROUND

Fowler filed a two-count complaint against multiple defendants: (1) breach of contract against the Justice Companies and Greenbrier Hotel Corporation, and

(2) fraudulent inducement against the Justice Companies and James C. Justice III ("Jay Justice"). Doc. 1.  The Justice Companies filed a counterclaim against Fowler for breach of contract. Doc. 9 at 13–14.  After discovery, the parties filed cross-motions for summary judgment. Docs. 59 & 62.  The court granted summary judgment to Fowler on his breach of contract claim against the Justice Companies but dismissed his claim against Greenbrier Hotel Corporation. Doc. 75.  The court also granted summary judgment to the Justice Companies on their counterclaim for breach of contract. Doc. 75.  The fraud claim proceeded to trial, where the jury found against Fowler and in favor of the Justice Companies and Jay Justice. *See* Doc. 129. The only outstanding issue is for the court to enter final judgment on the breach of contract claim and counterclaim.

## II. DISCUSSION

Before entering the judgment, the court must consider three issues: (1) the damages owed to Fowler on the breach of contract claim; (2) the damages owed to the Justice Companies on the breach of contract counterclaim; and (3) attorneys' fees.  There is no dispute about the first two issues.  First, the parties agree that the total amount due to Fowler from the Justice Companies for the termination payment is $3,000,000 plus $26,340 in health care benefits, along with prejudgment interest (calculated at $507,452.05 as of July 1, 2026), for a total of $3,507,452.05. Doc. 133 at 5–6; Doc. 134 at 2.  Second, the parties agree that Fowler owes the Justice

2

Companies $224,400 in bonus repayment, along with prejudgment interest (calculated at $41,055.98 as of July 1, 2026), for a total of $265,455.95. Doc. 133 at 6; Doc. 134 at 2.

The parties do not, however, agree on whether to shift attorneys' fees under the contract. Fowler's employment agreement provides that the "prevailing party" in "any suit or action . . . arising out of or relating to this Agreement or the employment relationship . . . shall be entitled to recover from the losing party all reasonable fees, costs[,] and expenses of such suit or action." Doc. 133-1 at 9. Alabama law controls the question of who qualifies as the prevailing party. Doc. 133-1 at 10 ("This Agreement shall be construed under and enforced in accordance with the internal substantive laws of the State of Alabama.").

Unfortunately, Alabama law is unsettled on this point. In *Alabama Plating Technology, LLC v. Georgia Plating Technology, LLC*, 411 So. 3d 335, 354–55 (Ala. 2024), the Alabama Supreme Court considered, among other questions, whether the buyer of a brake-plating facility was the prevailing party in a lawsuit arising out of the facility purchase agreement. The agreement stated that "the non-prevailing Party shall reimburse the prevailing Party for all reasonable attorneys' fees and court costs incurred in connection" with any litigation arising out of the purchase. *Id*. at 354. As here, the contract did not define "prevailing party" and the Alabama Supreme Court acknowledged that its "caselaw offers no clear definition

3

of the term." *Id*.   The court therefore looked to two sources for a definition: (1) Black's Law Dictionary, which defined "a 'prevailing party' [a]s '[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded'"; and (2) the United States Supreme Court's "recogni[tion] that 'a prevailing party is one who has been awarded some relief by the court.'" *Id*. (citations omitted).   Drawing from these sources, the Alabama Supreme Court determined that "a party is a 'prevailing party' if a judgment is rendered in its favor and a court has awarded it 'some relief.'" *Id*.  And in the *Alabama Plating* dispute, the court designated the buyer as the prevailing party under the contract because the trial court rendered judgment in its favor on all of its claims and it received all of the relief it requested.[1] *Id*. at 354–55.  "[D]espite [the seller's] success on a [fraudulent misrepresentation] claim," the Alabama Supreme Court held that the seller was "the 'nonprevailing party' because [the seller] was not entitled to any of the relief it sought." *Id*. at 355.   Critically, the court did "not decide whether a party is a prevailing party if it is awarded some, but not all, of the relief that it sought." *Id*. at 354 n.9.

That is the question presented here.  Fowler prevailed on his claim for breach of contract against the Justice Companies (although not against Greenbrier Hotel

---

[1] The trial-court decision under review found that the buyer prevailed on only some of its claims such that the contract did not permit the recovery of any of its attorneys' fees and expenses. *Id.* at 354.

Corporation) and the court will award damages for that breach.  Likewise, the Justice Companies prevailed on their counterclaim for breach of contract against Fowler and the court will award damages for that breach.  Finally, the Justice Companies and Jay Justice prevailed in their defense of Fowler's fraud claim at trial—albeit a win that did not entitle them to any form of relief. *See CRST Van Exped., Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016) ("Plaintiffs and defendants come to court with different objectives.  A plaintiff seeks a material alteration in the legal relationship between the parties.  A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor.").  Regardless of the outcome of the fraud claim, in a real sense both parties[2] won this dispute and both parties lost.  And both parties will receive some relief.  It is an open question in Alabama whether this mixed result means that either party, both parties, or neither party prevailed.

The court can dispense with one alternative at the outset because the plain language of the contract forecloses the possibility that both parties prevailed.  The

---

[2] In their briefs and throughout this case, the parties have treated this litigation as a bilateral dispute with Fowler on one side and everyone else—Justice Family Group, LLC; Southern Coal Corporation; Bluestone Resources, Inc.; Greenbrier Hotel Corporation; and Jay Justice—on the other side.  This decision to lump the corporate defendants and Jay Justice into one "party" reflects both the practical realities of the case, in which one set of lawyers represents Fowler and one set represents the rest, and of the overlapping ownership structure of the Justice family of companies.  The court adopts the parties' convention in its analysis of the contractual prevailing party, but it could have analyzed the dispute at a granular level by considering whether to classify Fowler, Jay Justice, and each individual company as a prevailing party.  In that scenario, the differentiation among the Justice-related entities reinforces the difficulty in designating a single prevailing party under the contract since Greenbriar Hotel Corporation successfully defended the only claim against it, while Southern Coal Corporation, for example, lost on Fowler's breach of contract claim but prevailed on its counterclaim.

contract speaks of "the prevailing party" and "the losing party" in "such suit or action." Doc. 133-1 at 9. This phrasing implies that "prevailing party" and "losing party" are mutually exclusive. In addition, the terms "suit" and "action" are not defined in the contract, so the court will consider their ordinary meanings. Black's Law Dictionary defines a "suit" as "[a]ny proceeding by a party or parties against another in a court of law" and an "action" as "a civil or criminal judicial proceeding." Action(4) & Suit, Black's Law Dictionary (12th ed. 2024). Both definitions[3] relate to the litigation as a whole rather than to individual claims within a proceeding. In as much as the contract provides for "the prevailing party" in "such suit or action," the court finds that the contract envisions a single prevailing party for the entire case.

This conclusion, however, returns the court to the original question of what to do when there is no clear winner and both parties obtained some relief under the contract. In search of an answer to that question, the court has surveyed a number of decisions from other state and federal courts. These opinions persuade the court that there is no prevailing party under the circumstances presented here. For example, under Florida law, "an attorney's fee award is not required each time there is litigation involving a contract providing for prevailing attorney's fees." *Zhang v. D.B.R. Asset Mgmt., Inc.*, 878 So. 2d 386, 387 (Fla. 3d D. Ct. App. 2004) (quotation

---

[3] The overlap between these definitions begs the question why the agreement includes both terms, but their redundancy does not affect this opinion.

marks and citation omitted).   Instead, "[w]here litigation ultimately ends in a proverbial 'tie,' with each party prevailing in part and losing in part on the significant issues in the litigation, a trial court may properly determine that neither party has prevailed for purposes of entitlement to attorney's fees." *Radosevich v. Bank of N.Y. Mellon*, 245 So. 3d 877, 881 (Fla. 3d D. Ct. App. 2018) (citing *Loy v. Loy*, 904 So. 2d 482, 484 (Fla. 3d D. Ct. App. 2005)).   Similarly, the Illinois courts hold that "[w]here the two parties 'both won and lost on claims in the proceedings below,' neither party 'can be said to have been the prevailing party.'" *Uncle Tom's, Inc. v. Lynn Plaza, LLC*, 196 N.E. 3d 1034, 1049 (Ill. App. Ct. 2021) (internal quotation marks and citations omitted); *see also In re Marriage of Linta*, 18 N.E. 3d 566, 571 (Ill. App. Ct. 2014) ("When a dispute involves multiple claims, and both parties have won and lost on different claims, it is appropriate to find that neither party is the prevailing party and that an award of attorney fees to either would be inappropriate.").   The Nevada and Washington courts have arrived at the same result. *See S. Wine & Spirits of Nev. v. Mtn. Valley Spring Co., LLC*, 712 F.3d 397, 400–01 (8th Cir. 2013) (citing *Glenbrook Homeowners Assoc. v. Glenbrook Co.*, 901 P. 2d 132, 141 (1995)) (affirming the trial court's refusal to designate a prevailing party for shifting attorneys' fees where "[e]ach party won on some issues and lost on others"); *Am. Nursery Prods., Inc. v. Indian Wells Orchards*, 797 P. 2d 477, 487 (Wash. 1990) (holding that "because both parties have prevailed on major issues,

neither qualifies as the prevailing party under the contract").

A number of federal courts interpreting federal fee-shifting statutes have reached the same conclusion in cases with mixed results. For instance, the Eleventh Circuit has observed that "there is not always a prevailing party in every case." *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F. 4th 1372, 1380 (11th Cir. 2022). In *Royal Palm*, the Eleventh Circuit affirmed the trial court's refusal to shift costs and attorneys' fees because neither party was the prevailing party. That case involved a "split judgment" in that the defendant successfully defended the plaintiff's claim, while the plaintiff successfully defended the defendant's five claims. *Id*. at 1374, 1380–81. This, according to the Eleventh Circuit, did not satisfy the "prevailing party" standard[4] because neither party won on their claims, returning the parties to the status quo. *Id*. at 1381. And the split judgment meant that neither party truly "won" the dispute. *Id*. at 1381–82.

Consistent with these opinions and based on the particular facts of this case, the court concludes that there is no prevailing party in this dispute for two reasons. First, the contract provides for one prevailing party for the entire legal proceeding,

---

[4] The federal prevailing-party standard is a higher bar than the Alabama rule. To reach prevailing-party status under federal statutes, a movant must make a two-fold showing. *Id.* at 1376. First, the party must show that he is "one who has been awarded some relief by the court." *Id.* (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Hum. Res.*, 532 U.S. 598, 603 (2001)). But "some relief" is not enough; the party also must show "'at a minimum . . . a resolution of the dispute which changes the legal relationship'" between the parties to the suit. *Id.* (quoting *Tex. State Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)).

so the court cannot conduct a claim-by-claim analysis of each party's success. Second, both parties will receive some of the relief they sought in their claims or counterclaims. Under these circumstances, there is no single prevailing party as contemplated by the fee-shifting clause in the contract. Because the lawsuit ended in a draw, the parties will bear their own attorneys' fees, costs, or expenses.

### III. CONCLUSION

For these reasons, it is ORDERED that the Motion for Entry of Damages and Final Judgment (Doc. 133) is GRANTED in part and DENIED in part as detailed above. A separate final judgment will be entered on or about September 1, 2026.

To aid the court in entering the appropriate final judgment, it is further ORDERED that Fowler shall file a supplemental brief no later than **August 20, 2026,** setting out his calculations for prejudgment interest on both the termination payment and the bonus repayment as of September 1, 2026. The Justice Companies shall file a supplemental brief no later than **August 27, 2026,** stating that they agree with Fowler's calculations or submitting alternative calculations.

DONE and ORDERED on August 13, 2026.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE